United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTS JOSE RODRIGUEZ PEREZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-05507 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Proceeding pro se, Petitioner Roberts Jose Rodriguez Perez filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Venezuela, Petitioner entered the United States on September 2, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 6-1 at 2. He was released from custody on his own recognizance, and placed in removal proceedings that same day. *Id*. After his release, Petitioner began living in the United States with his wife and daughter and applied for asylum. Dkt. No. 1 at 6, 26. He was also granted work authorization by USCIS, and has been lawfully working for a painting company. *See id*. at 21–23. ICE detained Petitioner on June 6, 2026. Dkt. No. 6-1 at 2.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14,

2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

In opposing the petition, Respondents only argued that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), but otherwise provide no substantive response to Petitioner's due process claim.[1] Dkt. No. 6 at 2. As it has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2). *See Zheng*, 2026 WL 1354477, at *2 (collecting cases).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Roberts Jose Rodriguez Perez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed

[1] Respondents attached a RAP sheet to their response indicating that Petitioner was arrested for a misdemeanor offense, but do not otherwise explain the legal significance of the arrest. *See* Dkt. No. 6-4 at 5. Had Respondents made any argument with respect to this arrest, the Court would have considered it.

United States District Court
Eastern District of California

to have his counsel present. This Order does not address the circumstances under which Petitioner may be re-detained if he becomes subject to an executable order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 20, 2026

EDWARD J. DAVILA
United States District Judge